[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15020
Non-Argument Calendar
_____

D.C. Docket No. 2:91-cr-00195-TMH-CSC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACK RENARD WOODS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(August 5, 2014)

Before TJOFLAT, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

On June 1, 1992, the District Court sentenced Jack Renard Woods to concurrent prison terms of 360 months on four counts of an amended indictment charging him with conspiracy to possess with intent to distribute crack cocaine and three substance crack cocaine offenses.[1]  The court determined that the Guidelines sentencing range for these offenses was 360 months to life imprisonment.  That range was the product of a base offense level of 36 under U.S.S.G. § 2D1.1, because the total drug quantity involved in the conspiracy was more than 500 grams but less than 1.5 kilograms of crack cocaine, a total offense level of 41,[2] and a criminal history category of III.

On June 5, 2008, Woods moved the District Court pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentences on the ground that Amendment 706 to the Sentencing Guidelines, which revised the crack cocaine quantity tables of § 2D1.1, reduced his base offense level by two levels, from 36 to 34, and thus his total offense level from 41 to 39 and, with a criminal history category of III, reduced the sentencing range to 324 to 405 months' imprisonment.  The court granted his motion and sentenced him to four concurrent prison terms of 324 months.

---

[1]  The four counts charged offenses under 21 U.S.C. §§ 846, 841(a)(1), 860 and 861, respectively.

[2]  The court adjusted the base offense level upward by 1 level under § 2D1.2(a)(2) and 4 levels under § 3B1.1.

2

On October 12, 2011, Woods again moved the District Court to reduce his sentences pursuant to § 3582(c)(2).  This time he based his motion on Amendments 748 and 750 to the Sentencing Guidelines.  Those amendments were promulgated to correspond with the provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, which raised the minimum quantities of crack cocaine necessary to trigger the five-year and ten-year statutory mandatory minimum sentences under 21 U.S.C. § 841(b) from five grams to 28 grams (21 U.S.C. § 841(b)(1)(B)(iii)) and from 50 grams to 280 grams (21 U.S.C. § 841(b)(1)(A)(iii)), respectively.  He argued that, under these amendments, his base offense level for 1.5 kilograms of crack cocaine should be 32, instead of 34, and that that the Guideline sentencing range for an offense level 32 and a category III criminal history should be 188 to 235 months' imprisonment.  The court denied his motion on the ground that the amendments did not change the sentencing range the court used when it reduced his sentences to 324 months' imprisonment based on a base offense level of 34.  He now appeals the court's ruling.

As noted, at sentencing, the District Court held Woods accountable for between 500 grams and 1.5 kilograms of crack cocaine.  Recalculating Woods's § 2D1.1 base offense level for 500 grams to 1.5 kilograms after applying Amendment 750, the District Court could have reached a level 34 based on

3

between 840 grams and 2.8 kilograms, *see* § 2D1.1(c) Drug Quantity Table, or a level 32 based on between 280 grams and 840 grams. *Id.*

In *United States v. Hamilton*, 715 F.3d 328 (11th Cir. 2013), the court faced the same problem that faces us here. There, the District Court held the defendant Hamilton accountable for "at least 1.5 kilograms" of cocaine base. In reviewing the District Court's denial of Hamilton's motion to reduce his sentence pursuant to § 3582(c)(2) based on Amendment 750, we said that "the district court needs to determine accurately the original drug quantity findings before it can analyze whether Hamilton has shown that Amendment 750 actually lowered his base offense level." *Id.* at 340. "Because the eligibility question is whether Hamilton would have had a lower guidelines range had Amendment 750 been in effect at the time he was sentenced, the court should not consider any evidence or materials beyond those that were before it at the time of the original sentencing." *Id.* "If that new guidelines [turns out to be] lower than the original guidelines range, the district court should proceed to the next step and exercise its discretion to grant or deny relief based on § 3582(c)(2) and all applicable policy statements from the Sentencing Commission." *Id.*

The same must be done in this case. The District Court must determine whether the crack cocaine it held Woods accountable for was more than or less than 840 grams. If more than 840 grams, it will deny Woods's motion—because

the base offense level will still be at 34.  If less than 840 grams and a base offense level of 32, the court will have to take the second step, as the *Hamilton* court prescribed.

For the foregoing reasons, the District Court's order denying § 3582(c)(2) relief is Vacated and the case is Remanded for further proceedings.

SO ORDERED.

5